**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| RYAN ASH**,** | ) | Civil Action Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERGEANT ROBERT PHILLIPS, III, | ) | |
| in his individual and official capacities, | ) | |
| Newark Police Department | ) | |
| 49 S. 4th Street | ) | |
| Newark, OH 43055 | ) | |
| | ) | |
| OFFICER DUSTIN HARDWAY, | ) | |
| in his individual and official capacities, | ) | |
| Newark Police Department | ) | |
| 49 S. 4th Street | ) | |
| Newark, OH 43055 | ) | |
| | ) | |
| OFFICER KEVIN FAIRFIELD, | ) | |
| in his individual and official capacities, | ) | |
| Newark Police Department | ) | |
| 49 S. 4th Street | ) | |
| Newark, OH 43055 | ) | |
| | ) | |
| OFFICER KEVIN DISTELHORST, | ) | |
| in his individual and official capacities, | ) | |
| Newark Police Department | ) | |
| 49 S. 4th Street | ) | |
| Newark, OH 43055 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OFFICER MATTHEW PEDDICORD | ) | |
| in his individual and official capacities, | ) | |
| Newark Police Department | ) | |
| 49 S. 4th Street | ) | |
| Newark, OH 43055 | ) | |
| | ) | **Complaint with** |
| Defendants. | ) | **Jury Trial Demanded** |

1

## I.       Preliminary Statement

1.  Plaintiff, Ryan Ash, brings this action because Defendants, Sergeant Robert Phillips, III, Officer Dustin Hardway, Officer Kevin Fairfield, Officer Kevin Distelhorst, and Officer Matthew Peddicord, acting in their individual and official capacities on behalf of the Newark Police Department, violated Mr. Ash's Fourth and Fourteenth Amendment rights and the common law of the State of Ohio by: (1) breaking into Mr. Ash's home, falsely arresting him, and maliciously prosecuting him without probable cause to do so on charges of domestic violence and assault when Mr. Ash had committed no crime, could not have been reasonably believed to have committed a crime, nor could have been reasonably believed to be about to commit a crime; (2) were grossly negligent in performing their duties by consciously disregarding elements of the crimes for which Mr. Ash was arrested in order to effectuate Mr. Ash's arrest and prosecution; and (3) intruding upon Mr. Ash's private activities in an outrageous manner.

## II.      Jurisdiction

2.  This action is brought pursuant to 42 U.S.C. § 1983 against local officials in their individual and official capacities for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 because this lawsuit arises under the Constitution, laws, or treaties of the United States.

3.  Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all state law claims that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. 1983; and the common law of the State of Ohio.

5. Compensatory and punitive damages may be awarded under 42 U.S.C. § 1983 and the common law of the State of Ohio.

6. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988; Fed. R. Civ. P. 54; and the common law of the State of Ohio.

7. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in Licking County, Ohio.

### III.    Parties to the action

8. Plaintiff Ryan Ash is a citizen of the United States and a resident of the State of Ohio.

9. Defendants are persons under 42 U.S.C. § 1983; were at all times material to this complaint employed by the City of Newark in its Police Department; acted under color of State law; and are sued in their individual and official capacities.

### IV.    Facts

10. Early in the morning on July 22, 2023, Plaintiff, Ryan Ash, called 911 for assistance at his residence because an individual named Teresa Bordeaux was severely intoxicated and was destroying property, including but not limited to throwing objects through a window at Ryan Ash's residence.



11. Plaintiff, Ryan Ash, requested assistance from legal authorities regarding Teresa Bordeaux's destructive and drunken behavior.

12. The following individuals from the Newark Police Department, all employed by the City of Newark within the Police Department and all acting under color of State law, arrived on the scene at 46 Arbor Court, Newark, Ohio, 43055, in response to the 911 call from Plaintiff, Ryan Ash, regarding the belligerent and destructive actions of Teresa Bordeaux:

SERGEANT ROBERT PHILLIPS, III

OFFICER DUSTIN HARDWAY

OFFICER KEVIN FAIRFIELD

OFFICER KEVIN DISTELHORST

OFFICER MATTHEW PEDDICORD

13. Rather than take any corrective action regarding Teresa Bordeaux's behavior, Defendants ridiculed, harassed, and eventually broke into Mr. Ash's home by force, attempting to use a ram object to break down the door to Mr. Ash's residence.



14. When the defendants were unable to successfully ram the door down, Defendants broke open
    a window in order to barge into Mr. Ash's home.



15. After breaking into Mr. Ash's home, Defendants handcuffed Mr. Ash and arrested him.

16. Defendants submitted charges against Mr. Ash for domestic violence, assault, and obstruction of justice, which led to prosecution against Mr. Ash for domestic violence and assault in the Licking County Municipal Court (Charges for obstruction of justice were apparently not pursued).

17. Mr. Ash was jailed from July 22, 2023 until July 24, 2023 while awaiting his arraignment on the charges.

18. While Mr. Ash was jailed, his request for medical attention was ignored.

19. Mr. Ash was prosecuted for these charges from his arraignment on July 24, 2023, until the charges were dismissed on October 18, 2023—one day before the date set for trial.

20. No probable cause existed for any of the charges brought against Mr. Ash.

21. After all charges against Mr. Ash were dismissed, Mr. Ash requested that the records related to the dismissed charges be sealed, but Mr. Ash's request was denied.

22. As a direct and proximate result of Mr. Ash's unlawful arrest and prosecution, as well as the grossly negligent conduct of Defendants and the invasion of his privacy, Mr. Ash has suffered emotional distress, damage to his reputation, and severe anxiety.

23. After all charges against Mr. Ash were dismissed, Mr. Ash submitted an internal administrative complaint regarding the actions of Defendants with the City of Newark Police Department.

24. In response to that complaint, Defendant Sergeant Robert Phillips, III, arrived at Mr. Ash's residence and repeatedly banged on the door to his home at 7 in the morning.

25. Defendant Sergeant Robert Phillips, III, left a note on Mr. Ash's door stating he was "[f]ollowing up on complain[t] filed."

26. No other actions were taken by the City of Newark or the Newark Police Department in response to the internal complaint Mr. Ash submitted with the Newark Police Department.

V.      **Claims for Relief**

**Count 1: Violation of Fourth and Fourteenth Amendment rights (42 U.S.C. § 1983)**

27. Plaintiff incorporates all of the preceding paragraphs.

28. The Fourth Amendment of the Constitution of the United States protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

29. Defendants, while acting under color of state law, violated Plaintiff's right to be free from unreasonable seizures by breaking into his home, handcuffing him, and arresting him without a warrant or probable cause.

30. As a result of the trauma that Plaintiff experienced due to the unlawful seizure of his person, Plaintiff suffered damages in an amount to be determined at trial.

31. In violating Plaintiff's Fourth Amendment rights, Defendants acted maliciously or with a conscious disregard of the rights secured by the United States Constitution.

32. The City of Newark is liable for its employees' actions under these circumstances for two different reasons:

> (a) Failure to train its employees, amounting to deliberate indifference to the rights of persons with whom the police come into contact;
>
> (b) After being put on notice of the unconstitutional seizures, failure to act or acknowledge wrongdoing, which constitutes a ratification of an unconstitutional act as its own.

**Count 2: Violation of Fourth and Fourteenth Amendment rights (Malicious Prosecution)**

33. Plaintiff incorporates all of the preceding paragraphs.

34. By securing Mr. Ash's prosecution without probable cause, which prosecution ultimately terminated in Mr. Ash's favor after the prosecution deprived him of liberty, Defendants have committed malicious prosecution in violation of the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment.

**Count 3: Malicious Prosecution**

35. Plaintiff incorporates all of the preceding paragraphs.

36. By securing Mr. Ash's prosecution without probable cause, which prosecution ultimately terminated in Mr. Ash's favor, Defendants have committed malicious prosecution in violation of the common law of the State of Ohio.

**Count 4: False Arrest**

37. Plaintiff incorporates all of the preceding paragraphs.

38. By arresting Plaintiff without probable cause to do so, Defendants have committed false arrest in violation of the common law of the State of Ohio.

**Count 5: Gross Negligence**

39. Plaintiff incorporates all of the preceding paragraphs.

40. By their willful, wanton, and reckless acts and omissions, Defendants were grossly negligent in violation of the common law of the State of Ohio.

**Count 6: Invasion of Privacy**

41. Plaintiff incorporates all of the preceding paragraphs.

42. By breaking into Mr. Ash's home to arrest him and by banging on Mr. Ash's door after Mr. Ash submitted an internal complaint about the conduct of the Defendants, Defendants

wrongfully intruded into Mr. Ash's private activities in a manner that would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

**VI.     Relief Requested**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally:

    A.  Declaring that Defendants have violated his civil rights and committed torts against him;

    B.  Ordering such equitable relief as will make him whole for Defendants unlawful conduct; pre- and post-judgment interest; costs; and reasonable attorneys' fees;

    C.  Awarding compensatory damages and punitive damages in excess of $25,000;

    D.  Awarding attorney fees pursuant to 42 U.S.C. 1988, as well as for costs of suit pursuant to 42 U.S.C. § 1920 and § 1988; and

    E.  Granting any further relief as this Court deems appropriate, including injunctive and declaratory relief required in the interests of justice.

Respectfully submitted,

***/s/ C. Joseph McCoy***
C. Joseph McCoy (0092669)
McCoy & McCoy, Attorneys at Law, LLC
57 East Main Street
Newark, Ohio 43055
Telephone: (740) 345-4545
E-mail: jmccoy@mccoymccoylaw.com
*Counsel for Plaintiff*